

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,643-01

**EX PARTE CLARENCE WYATT HOLLAND, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-10195A-422-F IN THE 422ND DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of continuous sexual abuse of a young child and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Holland v. State*, No. 05-18-01419-CR (Tex. App. — Dallas December 13, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to object when the prosecutor made statements during voir dire that amounted to statements that the prosecutor believed that Applicant was guilty, failed to file a motion *in limine* to prevent testimony from witnesses indicating that they believed the complainant, improperly referred to the complainant as

"the victim" when questioning a witness, failed to file a motion *in limine* to prevent testimony and evidence of the complainant's car accident and liver transplant years after the alleged abuse, failed to impeach the credibility of the complainant using her inconsistent statements as to why she did not report the abuse earlier, failed to introduce measurements and photographs of Applicant's walk-in closet, and failed to request instructions on the lesser-included offenses of aggravated sexual assault and indecency with a child.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: May 19, 2021
Do not publish